NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE SAMIR WASSOUF, | Hon. Dennis M. Cavanaugh |
| Petitioner, | Civil No. 11-5373 (DMC) |
| v. | |
| RICHARD H. BERDNIK, et al., | OPINION |
| Respondents. | |

APPEARANCES:

    GEORGE SAMIR WASSOUF
    Tartous - Mashta El Helou
    Syria
    Petitioner Pro Se

CAVANAUGH, District Judge

George Samir Wassouf, who resides in Syria, filed an Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 "directing the Respondents to immediately issue an[] authorization letter allowing the Petitioner to enter the United States, and he is to be released on his personal recogniz[ance] upon his arrival[] into the United States." (Pet., Dkt. 1 at 20.) For the reasons expressed below, this Court will dismiss the Petition for lack of jurisdiction.

I. BACKGROUND

George Samir Wassouf was admitted to the United States as a lawful permanent resident in 1988. On January 3, 2001, federal officials in arrested Wassouf, and on November 26, 2001, Chief Judge Steven J. McAuliffe, United States District Court for the District of New Hampshire,

sentenced him to 33 months in prison based on his guilty plea to bank fraud. See United States v. Wassouf, Crim. No. 01-0001 (SM) judgment (D.N.H. entered Nov. 29, 2001). On October 31, 2003, Judge McAuliffe granted Wassouf's motion to vacate under 28 U.S.C. § 2255 and afforded him ten days to file a notice of appeal of the criminal judgment. Wassouf filed a timely notice of appeal, and on September 13, 2005, the First Circuit affirmed the judgment of conviction. See United States v. Wassouf, C.A. No. 03-2602 (1st Cir. Sept. 13, 2005).

On December 4, 2006, immigration officials issued a notice to appear charging Wassouf with removal under Section 237(a)(2)(a)(iii) based on his bank fraud conviction. See Wassouf v. United States of America, Civ. No. 11-0051 (SM) (D.N.H. filed Feb. 7, 2011) at Dkt. 8-5. On December 3, 2007, Immigration Judge Robert S. Hough, in El Paso, Texas, issued an order of removal. Id. at Dkt. 8-6. Wassouf asserts that on August 23, 2008, immigration officials deported him to Syria. (Pet. at Dkt. 1, p. 7.)

On July 9, 2010, Wassouf filed a petition for writ of coram nobis in the United States District Court for the District of New Hampshire, which Chief Judge McAuliffe denied on February 7, 2011. See Wassouf v. United States of America, Civ. No. 11-0051 (SM) opinion & order (D.N.H. Feb. 7, 2011). On August 24, 2011, the First Circuit affirmed. See Wassouf v. United States, C.A. Nos. 11-1209 & 11-1488 judgment (1st Cir. Aug. 24, 2011).

Wassouf, still in Syria, filed the § 2241 Petition that is presently before this Court on or about September 16, 2011. Wassouf argues that he was illegally deported to Syria "and as a result of the respondents illegal actions, or by placing this petitioner in 'Syria,' this Petitioner is restrained, and or, he is not able to obtain additional Visa's to go to other and different countries . . . In addition, they are jeopardizing his life and safety while he is in Syria, where these issues

also go to this Honorable courts' jurisdiction herein, because this Petitioner is now 'basically detained in Syria for now, for the future, and forever.'" (Pet. at Dkt. 1, pp. 9-10.) Alternatively, he contends that this Court "has the full authority to suspend some of the rules, and [] accept this Habeas as it has been filed, nunc pro tunc, in a timely matter, or, as it has been filed on July 30, 2008, or in October 12, 2003, while the petitioner was in custody within the United States, as an equitable relief." (Id. at pp. 12-13.) Wassouf seeks a "writ of habeas corpus directing the Respondents to immediately Issue an[] authorization letter allowing the Petitioner to enter the United States [and] directing the Respondents to immediately release the Petitioner from custody upon his arrival[] into the United States." (Id. at p. 20.)

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the 'custody' of the federal immigration agency" at the time he or she files the petition. Kumarasamy v. Attorney General of U.S., 453 F. 3d 169, 172 (3d Cir. 2006). Kumarasamy filed a § 2241 petition in this Court alleging that his deportation to Canada was illegal because there was no removal order. Judge Bassler dismissed the petition for lack of jurisdiction and Kumarasamy appealed. The Third Circuit held that an individual who has already been removed from the United States when he files a habeas petition does not satisfy the "in custody" requirement under § 2241:

3

> A petitioner who has been removed from the country is "not subject to restraints not shared by the public generally that significantly confine and restrain his freedom. [He] is subject to no greater restraint than any other non-citizen living outside American borders." *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir.2001). *See also Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir.2003). As the Ninth Circuit explained in *Miranda*, "[n]o interpretation of § 2241 that is not utterly at war with its plain language permits us to exercise habeas corpus jurisdiction" when the petitioner has already been removed from the country. *Id.*[FN6] Accordingly, we hold that petitioners who have already been removed from the country do not satisfy the "in custody" requirement for habeas corpus jurisdiction. Because Kumarasamy had already been removed from the country when he filed his habeas petition, the District Court lacked jurisdiction to consider it.

Kumarasamy, 453 F.3d at 173 (footnotes omitted).

Because Wassouf had already been removed from the United States to Syria when he filed his § 2241 Petition in this Court, he does not satisfy the "in custody" requirement for habeas corpus jurisdiction. See Kumarasamy, 453 F. 3d at 173.

Alternatively, to the extent that Wassouf is challenging his order of removal, this Court lacks jurisdiction under the Real ID Act, which provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5).

Because the Real ID Act explicitly stripped this Court of habeas corpus jurisdiction over challenges to orders of removal, this Court lacks jurisdiction over Wassouf's challenge to his order of removal in this case. See Khouzam v. Attorney General, 549 F. 3d 235, 245 (3d Cir.

2008); Kolkevich v. Attorney General, 501 F. 3d 323 (3d Cir. 2007); Jordon v. Attorney General, 424 F. 3d 320, 326 (3d Cir. 2005).

### III. CONCLUSION

The Court dismisses the petition for lack of jurisdiction.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: _Sep r 26_, 2011